IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**GEORGE STEWART, JR. (# 47760)** **PLAINTIFF**

**v.** **No. 1:06CV331-M-B**

**JEANNETTE HARRINGTON, ET AL.** **DEFENDANTS**

### MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of George Stewart, Jr., who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. For the reasons set forth below, the instant case shall be dismissed for failure to state a claim upon which relief could be granted.

### Factual Allegations

The plaintiff wishes to be housed in a correctional facility closer to his home, although it is unclear from the complaint which correctional facility would be his preference. He was transferred from the Kemper/Neshoba Regional Correctional Facility to the Wilkinson County Correctional Facility on December 9, 2004. From there he was transferred to the South Mississippi Correctional Institution. Then he was moved to the Winston-Choctaw County Regional Correctional Facility. During the plaintiff's stay at that facility, two members of the Vice Lords gang threatened the plaintiff, giving him three minutes to gather his belongings and leave the "Zone." The plaintiff complied, reported the incident, and filled out "Red Tag" forms to ensure that he was not housed near the two inmates who threatened him – or other known Vice Lord members. The plaintiff was placed initially in isolation, then later moved back to the

Wilkinson County Correctional Facility. He is dissatisfied with this solution to the threats on his life.

## Classification

Inmates have neither a protectable property or liberty interest to any particular housing assignment or custodial classification, either under the United States Constitution or under Mississippi law. *Hewitt v. Helms*, 450 U.S. 460, 468 (1983); *Meachum v. Fano*, 427 U.S. 215, 224 (1976); *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995); *Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir. 1992); *McCord v. Maggio*, 910 F.2d 1248, 1250 (5th Cir. 1990) (citations omitted); Miss. Code Ann. §§ 47-5-99 to -103 (1993). Prisoner classification is a matter squarely within the "broad discretion" of prison officials, "free from judicial intervention" except in extreme circumstances. *McCord*, 910 F.2d at 1250 (citations omitted). In this case, the plaintiff was threatened by gang members, then removed from the facility housing those gang members. Although the plaintiff would rather be housed elsewhere, he has not alleged any extreme circumstances warranting departure from the general rule prohibiting judicial intervention in inmate housing decisions. As such, the instant case shall be dismissed with prejudice for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 20th day of March, 2007.

                                               /s/ Michael P. Mills
                                               **UNITED STATES DISTRICT JUDGE**